LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
42 South 15th Street, Suite 210
Philadelphia, PA 19102
(215) 564-1635

---

| | |
|---|---|
| JOHN F. PEOPLES, | : |
| v. | : |
| DISCOVER FINANCIAL SERVICES, INC. and DISCOVER CARD SERVICES, INC. trading as DISCOVER CARD, | : CIVIL ACTION NO. 08-CV-2024 |
| and | : |
| GINGER DAYLE, GINGER DAYLE PRODUCTIONS and NEW CITY STAGE COMPANY | : |

---

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT GINGER DAYLE, GINGER DAYLE PRODUCTIONS AND NEW CITY STAGE COMPANY

Defendants, Ginger Dayle, Ginger Dayle Productions and New City Stage Company, by their undersigned counsel, hereby file this answer to plaintiff's complaint with affirmative defenses, and in support thereof, it is averred as follows:

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Denied as stated. It is denied that defendants reside at 2020 Walnut Street, Apt 60, Philadelphia, PA.

4. Denied as stated. Defendants do not have information about the specific extent of plaintiff's blindness and strict proof thereof is requested at trial. By way of further response, this is information which is particularly within plaintiff's control.

5. Denied. Defendants are without knowledge and information and belief as to the averments of this paragraph, and strict proof thereof is requested at trial.

6. The allegation of this paragraph is conclusion of law to which no response is required. By way of qualification, Ms. Dayle is fitness professional who is licensed in the Pilates Method

as a yoga instructor. She is also a professional dancer who performed with the Royal Ballet of London and she graduated from the University of Pennsylvania. She also teaches as an Adjunct Professor at the University of the Arts.

7. Denied as a conclusion of law.

8. Denied as a conclusion of law. By way of further response, plaintiff was a student of defendant who sought physical fitness instruction. Ginger Dayle accepted Discover Card as payment for fitness services to plaintiff.

9. The allegation of this paragraph is conclusion of law to which no response is required.

10. Denied as a conclusion of law.

11. Denied as a conclusion of law. By way of further response, defendants are located in Philadelphia.

12. Denied as stated. Defendant incorporates her answer to paragraph 6 as though fully set forth herein.

13. Denied as a conclusion of law. By way of further response, it is specifically denied that Ms. Dayle ever defrauded plaintiff.

14. Denied. It is specifically denied that defendants ever engaged in fraudulent conduct or discriminated against plaintiff.

15. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

16. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

17. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

18. Denied as a conclusion of law. By way of further response, defendant requires strict proof as to how this sum was calculated.

## COUNT ONE

19. No response required.

20. Denied as a conclusion of law. By way of further response, it is specifically denied that defendants engaged in fraud, discrimination, or any illegal conduct with respect to plaintiff.

21. Denied as a conclusion of law.

22. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

23. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

24. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

25. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

26. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

27. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

28. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

29. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

30. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

31. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

32. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

33. Denied. Defendants are without knowledge or belief to form a conclusion as to these averments, which appear directed to Discover Card.

34. Denied as a conclusion of law.

WHEREFORE, Defendants respectfully request the Court to dismiss the Complaint of plaintiff.

## **COUNT TWO**

35. No response required.

36. Denied as a conclusion of law. By way of further response, Defendant Dayle avers that she committed no fraudulent act with respect to plaintiff Peoples.

37. Denied as a conclusion of law. By way of further response, the Dayle defendants did not deceive plaintiff.

38. Denied as a conclusion of law.

39. Denied as a conclusion of law.

40. Denied as a conclusion of law.

WHEREFORE, Defendants respectfully request the Court to dismiss the Complaint of plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no jurisdiction under Federal Law or Federal question jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

There is no basis for a Federal cause of action under the Handicapped Discrimination Act or the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff committed assault and battery on Ms. Dayle.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff instituted this action in bad faith after Ms. Dayle rejected his sexual advances.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREOFRE, defendant denies that she is liable upon the causes of action stated, if any, and she demands judgment in her favor with interest, costs and attorney fees, if applicable.

## COUNTERCLAIM

## GINGER DAYLE v. JOHN PEOPLES

1. Ginger Dayle brings this counterclaim against John Peoples.

2. Ginger Dayle incorporates her answer and affirmative defenses as though fully set forth herein.

3. At all times material herein, John Peoples was a student of Ginger Dayle who requested fitness instruction during the time frame indicated in the complaint filed by Mr. Peoples.

4. Mr. Peoples made sexual advances to Ms. Dayle and placed his hands on her buttock area without her consent or permission.

5. The conduct of John Peoples, described in paragraph 3, constitutes the tort of battery.

6. Mr. Peoples requested sexual acts from Ms. Dayle.

7. Ms. Dayle refused the sexual advances of Mr. Peoples and refused to give him further fitness instruction.

8. After Ginger Dayle refused to give any further fitness lessons to John Peoples, he initiated this lawsuit to retaliate against Ms. Dayle.

9. The conduct of Mr. Peoples toward Ms. Dayle constituted intentional infliction of emotional distress.

10. Ginger Dayle requests all damages which are recoverable under the law arising out of the aforementioned conduct of John Peoples.

11. As a result of the conduct of Mr. Peoples, which was intentional and outrageous, Ms. Dayle suffered damages, including but not limited to, emotional distress, sexual harassment, and the tort of battery.

### DEMAND FOR JURY TRIAL

Ginger Dayle hereby demands trial by jury for all issues in her counterclaim.

Respectfully submitted,

_William C. Reil_
William C. Reil, Esquire
Attorney for Ginger Dayle, Ginger Dayle
Productions and New City Stage Company

7/17/08

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

    __X__ Regular First Class Mail

    __X__ Facsimile

    _____ Certified Mail

    _____ Hand-Delivered

Date: 7/17/08

*Wm C Reil*
WILLIAM C. REIL, ESQUIRE
Attorney for Plaintiff
210 Robinson Building
42 South 15th Street, Suite 210
Philadelphia, PA 19102
(215) 564-1635