IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. PEOPLES | : | CIVIL ACTION NO. 08-2024 |
| Plaintiff | : | |
| vs. | : | |
| DISCOVER FINANCIAL SERVICES, INC. | : | |
| and DISCOVER CARD SERVICES, INC. | : | |
| trading as DISCOVER CARD | : | |
| and | : | |
| GINGER DAYLE, GINGER DAYLE | : | |
| PRODUCTIONS and NEW CITY | : | |
| STAGE COMPANY | : | |
| Defendants | : | |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2008, upon

consideration of Summary Judgment Motion filed by Defendant DFS Services LLC, and the

Opposition and Cross-Motion for Partial Summary Judgment timely filed by Plaintiff, and the oral

argument, if any, and for good cause shown,

IT IS HEREBY ORDERED AND DECREED that Defendant DFS Services LLC's

Summary Judgment Motion is DENIED.

IT IS FURTHER ORDERED AND DECREED that Plaintiff John F. Peoples' Cross-

Motion for Partial Summary Judgment, finding that (a) Defendant DFS Services LLC had an

obligation under the law to provide reasonable accommodations to Plaintiff for the use of his

Discover Card credit card and related services in regards to the transactions and occurrences that

gave rise to this action, (b) Plaintiff's claims in this action are not barred or diminished by the

doctrine or defense of illegality, (c) the transactions that gave rise to this action are covered by the

Americans with Disabilities Act ("ADA"), 42 USC § 12101 et seq., Section 504 of the

Rehabilitation Act of 1973, 29 USC § 794 ("Section 504"), and Pennsylvania Human Relations Act

("PHRA"), 43 PS § 955 whereby the requirements of those statutes apply to Defendant in this case, is GRANTED.

BY THE COURT:

_____
Honorable Edmund V. Ludwig, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN F. PEOPLES                              :      CIVIL ACTION NO. 08-2024
                Plaintiff        :
    vs.                                      :
DISCOVER FINANCIAL SERVICES, INC. :
and DISCOVER CARD SERVICES, INC.    :
trading as DISCOVER CARD                 :
      and                                      :
GINGER DAYLE, GINGER DAYLE         :
PRODUCTIONS and NEW CITY            :
STAGE COMPANY                              :
              Defendants       :

## OPPOSITION TO DFS'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff John F. Peoples opposes the Summary Judgment Motion filed Defendant DFS Services LLC

pursuant to Fed.R.Civ.P. 56, and hereby cross-moves for partial summary Judgment, and respectfully

requests that this Honorable Court deny Defendant's Motion and grant Plaintiff's cross-Motion, for the

reasons set forth in the attached Brief and Exhibits. A form of Order is also attached hereto.

                        LAW OFFICES OF JOHN F. PEOPLES
                        Attorney for Plaintiff

By:              _____

                        Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
                        2701 West Chester Pike, Suite 104, Broomall, PA 19008
                        Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com
Date:   January 9, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN F. PEOPLES                              :        CIVIL ACTION NO. 08-2024
                          Plaintiff          :
        vs.                                  :
DISCOVER FINANCIAL SERVICES, INC.            :
and DISCOVER CARD SERVICES, INC.             :
trading as DISCOVER CARD                     :
        and                                  :
GINGER DAYLE, GINGER DAYLE                   :
PRODUCTIONS and NEW CITY                     :
STAGE COMPANY                                :
                          Defendants         :

_____

## PROOF OF SERVICE

        I the undersigned certify that on the date indicated below I served true and correct copies of the attached legal papers on all parties to this action, or their attorneys if applicable, by sending them via US Mail postage prepaid to:

Benjamin M. Schmidt, Esquire
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: 215-864-8136, Fax: 215-864-9956
Attorney for Discover Financial Services Inc. & Discover Card Services Inc. t/a Discover Card

William C. Reil, Esquire
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
Phone: 215-564-1635, Fax: 215-564-4292
Attorney for Ginger Dayle, Ginger Dayle Productions, New City Stage Company

                        LAW OFFICES OF JOHN F. PEOPLES
                        Attorney for Plaintiff

            By:         _____
                        Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
                        2701 West Chester Pike, Suite 104, Broomall, PA 19008
                        Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com
Date:   January 9, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. PEOPLES | : | CIVIL ACTION NO. 08-2024 |
| Plaintiff | : | |
| vs. | : | |
| DISCOVER FINANCIAL SERVICES, INC. | : | |
| and DISCOVER CARD SERVICES, INC. | : | |
| trading as DISCOVER CARD | : | |
| and | : | |
| GINGER DAYLE, GINGER DAYLE | : | |
| PRODUCTIONS and NEW CITY | : | |
| STAGE COMPANY | : | |
| Defendants | : | |

### BRIEF FOR PLAINTIFF JOHN F. PEOPLES
### IN OPPOSITION TO DFS'S MOTION FOR SUMMARY JUDGMENT
### & IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff John F. Peoples opposes the Summary Judgment Motion filed Defendant DFS Services LLC and respectfully requests that this Honorable Court deny said Motion for the reasons set forth herein and in the attached Exhibits.

### I.    COUNTER-STATEMENT OF FACTS

The Plaintiff, John Peoples, is legally blind. He is unable to read things like credit card receipts. He used the services of Ms. Dayle and paid with his Discover Card. Ms. Dayle told him she was charging him a certain amount, but actually charged him much, much more. He signed the receipt but could not see, due to his blindness, that she was charging him far more than she said she was charging him. By this method, she defrauded him out of thousands of dollars. These facts are verified by sworn testimony and documentation.

The claims against Ms. Dayle are for fraud and conversion. She basically stole over $8,000 from Mr. Peoples by misrepresenting the amount of the credit card charge, taking advantage of him because he is blind.

The claims against Discover Card are for discrimination under the American With Disabilities Act and related laws, for failing to provide reasonable accommodations for Mr. Peoples. Discover Card conducted an investigation of Mr. Peoples' dispute with Ginger Dayle and concluded that no fraud or other problems occurred, and paid her the entire amount charged. Discover Card's investigation consisted of nothing but looking if there was a signed receipt. Since there was a signed receipt, and there was no report that the card was stolen, Discover Card took no action and let Dayle keep the thousands she fraudulently took from Mr. Peoples. Discover Card took no account or consideration of Mr. Peoples' blindness, and ignored his complaint that the amount charged was different from what she told him she was charging him. It provided no accommodations for the fact that Mr. Peoples is blind. (See Exhibit 7, recitation of facts by Mr. Peoples; and see Exhibit 2).

## II.     LEGAL ARGUMENTS

Defendant DFS divides its argument into subheadings A, B1, B2, C1, C2, D1, D2, D3, E and F. For the Court's convenience, Plaintiff will address these arguments using the same numbering system.

## A.     RULE 56(f) DECLARATION:  MOTION  PREMATURE;  INCOMPLETE DISCOVERY

Pre-Trial factual Discovery is still ongoing. There is a lot more information that needs to be gathered in the normal course of Discovery. Much of that information is in the exclusive possession of Defendant. Defendant has been evasive with Discovery thus far. Plaintiff served Deposition Notice on Defendant many months ago, and Defendant failed to respond. Plaintiff had to file a Motion to compel and award sanctions just to get Defendant to produce a witness for Deposition. The witness produced by Defendant knew very little about the subjects described in the Deposition Notice.

"If a summary judgment opponent regards an adversary's motion as premature because needed discovery is incomplete, Rule 56(f) provides a means of relief. The rule states: Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Sheinkopf v. Stone, 927 F.2d 1259 (1st Cir.1991). See also Mancuso v. Champion Mortg., 2008 U.S. Dist. LEXIS 46142 (D.N.J.2008) ("As Plaintiff's counsel indicated in his [] Rule 56(f) declaration in opposition to the motion for summary judgment, none of the individuals referenced in the Complaint or in Defendant's motion for summary judgment have been deposed. Counsel wishes to ask them, among other things, why Defendant initially denied Plaintiff an accommodation as "unreasonable" that it permitted other, nondisabled employees to use, and why, if the accommodation was "unreasonable" it was provided to Plaintiff shortly before he was fired. Given the incomplete state of discovery at the time this motion was filed, a motion for summary judgment would be premature"); Meinhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.), 74 F.3d 420, 440 (3d Cir. 1996) (stating that when record was undeveloped on crucial factual issues, defendant's request for summary judgment was premature), Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 835 (3d Cir. 1992) (reversing grant of summary judgment when discovery was incomplete and information was necessary to resolve parties' contentions).

There are more Depositions and document exchanges that need to be completed before the record is complete. The Court has not yet set a Discovery End Date and Plaintiff has been diligent in moving forward with Discovery.

The one person produced by Defendant for Deposition had hardly any personal knowledge of the investigation in question. Her testimony gave rise to more questions. There is still more discovery needed on the issue of reasonable accommodations, most of which is in exclusion knowledge of Defendant, such as costs and benefits of having an enhanced investigation process when blind customers claim fraud by merchants, or what kind of accommodations have been used or proposed in Defendant's history, and what has Defendant learned about the proposed accommodations for the blind in similar companies and industries and oveseas, etc. The person produced by Defendant for Deposition had knowledge that only scratched the surface. There is much more discovery that needs to be done.

A Discovery End Date has not yet been set by the Court. Plaintiff diligently sought discovery from the beginning of this case, served Interrogatories, Request for Production of Documents, Deposition Notices, etc. More discovery needs to be done. This Motion is premature at best.

A(i).   STANDARD ON SUMMARY JUDGMENT

The standard of care on a Summary Judgment Motion is well established. "Summary judgment is warranted only if: the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law… [T]he test remains a fairly rigorous one [for movant]. In assessing the parties' proffers under the rule, the district judge must eye all reasonable inferences in the light most congenial to the nonmovant." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179 (1st Cir.1989); Fed.R.Civ.P. 56(c).

Using that standard, Defendant's Summary Judgment Motion should be denied.

B.    ILLEGALITY DOCTRINE DOES NOT APPLY; EQUITABLE ESTOPPEL

Defendant relies heavily on its so-called illegality doctrine. The cases Defendant cites contain vague statements of general policy considerations. None of Defendant's cases are on point or have even remotely similar facts. What Defendant is asking this Court to do is extend the rarely invoked doctrine to an area of law to which it has never before been applied. Defendant is asking for a dramatic expansion of a narrow defense. Moreover, Defendant asks not only for the Court to apply the doctrine to this case, but to use the doctrine to summarily dismiss the case with prejudice without trial.

None of Defendant's citations are from the US Supreme Court or Pennsylvania Supreme Court. There is only one case cited from the third Circuit Court of Appeals, the Mantilla case. There are no citations for a case applying the doctrine to dismiss a case under the Americans with Disabilities Act or similar law. There are no cases cited that are remotely similar to this case or have any similar facts. Mantilla for instance involved a convicted felon in a sting operation asking to get back the money he paid an undercover officer to buy heroin. Defendant uses that as an analogy to support dismissing a blind man's ADA suit against a credit card company. The language used in the Mantilla case is: "It has long been the settled rule that property delivered under an illegal contract cannot be recovered back by any party in pari delicto…. the D.C. Circuit held that it is contrary to public policy to permit the courts to be used by the wrongdoer Farrell to obtain the property he voluntarily surrendered as part of his attempt to violate the law." Mantilla v. US, 302 F.3d 182 (3d Cir.2002). The key phrase is "voluntarily surrendered." Plaintiff John F. Peoples is not seeking the return of money he intended to pay Dayle. For example, he is not claiming that he wants his money back because Dayle's bedroom skills were deficient. He is not asking for the money he intended to pay her. He is asking for the money she STOLE from him. The alleged prostitution merely gave

Dayle the opportunity to steal from him. But her stealing from him had nothing to do with prostitution. It was theft by deception. She told him the receipt he was signing read $375 when it read $1100, knowing he was blind and could not see she was lying. That is not part of the act of prostitution, if any. That has nothing to do with prostitution. Prostitution is a minor disorderly persons offence. Theft is a felony.

If the Court were to drastically expand the illegality doctrine to encompass the facts of this case, it would mean that any kind of wrongdoing committed in relation to prostitution would immunize everyone from suit. So even if Dayle stole $1 million from Mr. Peoples, he would have no recourse. She could simply keep the $1 million. She could likewise take his car, his house and assault him to the point of hospitalization; and he would have no recourse. She could laugh all the way to the bank. Since it happened in connection with "illegal prostitution" anything goes. We are back in the Wild Wild West. Surely this cannot be the intent of the illegality doctrine.

Defendant is equitably estopped from claiming illegality defense in this lawsuit, since Defendant has treated Dayle, in every sense, as if no illegality occurred. Dayle is still a proud merchant of Discover Card and enjoys an ongoing business relationship with Discover Card. Discover Card still retains her as a merchant and allows its customers to use the Discover Card to pay for Dayle's services. (Exhibit 6, Depo. p. 16). So if Defendant is here claiming she is a prostitute, it is simultaneously admitting that it employs prostitutes as merchants and has ongoing business dealings with prostitutes to help them in their prostitution business. Defendant should not be allowed to play fast and loose with the Court like this and claim Dayle is a prostitute in order to dismiss an ADA lawsuit against it, yet keep her on as a merchant as if no prostitution ever occurred.

C.     GENUINE ISSUE OF MATERIAL FACT ON BREACH OF CONTRACT CLAIM

Defendant starts out by claiming that it does not know which contract clause it is accused of breaching, then answers its own question by asserting that it provided a reasonable investigation and adjudication of the disputed charge. Moreover, Defendant provides its own disputed fact. Defendant claims in its brief that "Peoples had a pattern of prior consistent charges with the Dayle Defendants for six months leading up to the disputed charge." (p. 14). The inconsistency of the charges in the last month is exactly what started this whole process. The person reading Mr. Peoples' bill noticed unusually high charges on the bill in unusually close proximity. That is what caused Plaintiff to 'flag' the bill and initiate a dispute with Defendant.

Defendant has the burden of persuasion. Defendant has not presented facts to prove that it completed its obligations under the contract. There is no dispute that there was a contract and that Defendant had duties under that contract, including the duty to perform reasonable investigations into fraud claims. It is a question for the jury whether Defendant's paltry and summary decision to pay the money to Dayle constituted a reasonable investigation.

D.     DISCOVER CARD COVERED UNDER ADA AND SIMILAR LAWS

Defendant makes a somewhat amorphous 'public accommodation' argument, claiming that a credit card is not a public place and so credit card companies are free to engage in discrimination as they please. Firstly, Discover Card's Representative admitted that it is covered under the ADA. (Exhibit 6, Depo. p. 11).

Clearly, a credit card company is covered under the ADA. It is used in places of public accommodation. Dayle's studio/apartment was used to service her many clients on a regular basis in exchange for money. It is a place of public accommodation. That is may also serve as her home is

irrelevant. It is basically a home office, but a "studio" for more physical activity. Defendant again cites very general legal propositions from cases with facts not even remotely similar to the facts of this case. Defendant's cases concern issues like employment benefits and have nothing to do with a case like this.

Dayle testified in her Deposition that her "home" or apartment also acts as her "office" and the office of her company New City Stage. She testified that the apartment was also the "studio" for her Pilates instruction. The so-called apartment is the official address and studio of the New City Stage Company. (Exhibits 4, 5).

Defendant in the alternative claims that it did provide reasonable accommodations. "In order to establish a violation under the ADA, a plaintiff must demonstrate that (1) she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disability.... Our analysis of the requirements of a reasonable accommodation claim begins with the Supreme Court's opinion in Choate. There . . . the Court suggested that the relevant inquiry asks not whether the benefits available to persons with disabilities and to others are actually equal, but whether those with disabilities are as a practical matter able to access benefits to which they are legally entitled. The Court explained that an otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers. To assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made. The Second Circuit explained, therefore, that the demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient to sustain a

claim for a reasonable accommodation." <u>Wendel v. New York</u>, 574 F. Supp. 2d 290 (E.D.NY.2008).

In fact, Defendant provided no accommodation at all to Plaintiff. Though there is a phone number to call to verify a charge, it provides no benefit. For even were Plaintiff to discover over the phone that the credit card receipt he just signed was a fraud with a different amount, he could not do anything about it. He would have to wait until it posted and then proceed with a fraud investigation as happened here. (Exhibit 6, Depo. p. 28-29). It still comes down to what happens during the fraud investigation. The answer is nothing. Discover Card makes no provision for the blind in its investigations. (Exhibit 6, Depo. p. 29, 52). All it looked at is whether the receipts were signed, since they were signed, it found in merchant's favor. It did not take into account the fact they were signed by a blind person who could not see what he was signing. (Exhibit 6, Depo. p. 44-45).

E.    SECTION 504 APPLIES TO THIS CASE

Defendant Discover Card provides no proof that it is not a recipient of federal funds. A recipient of federal funds must comply with § 504 as much as a federal agency.

F.    PENNSYLVANIA HUMAN RELATIONS ACT DOES NOT HAVE ADMINISTRATIVE PREREQUISITE

Plaintiff did exhaust all administrative remedies. He followed the procedure set up by Defendant Discover Card and completed the fraud claim process. There is no further administrative requirement for a consumer bringing a reasonable accommodation claim against a credit card company. The cases cited by Defendant refer to employment discrimination. This is not an employment or labor situation. There is no requirement to file before the PHR Commission for claims against a credit card company by a customer.

III. CONCLUSION

Defendant Discover Card has discriminated against Plaintiff on the basis of his disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 USC § 12182; and other parts of the ADA, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 USC § 794, and the Pennsylvania Human Relations Act ("PHRA"), 43 PS § 951 et seq. Title III of the ADA provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, etc., of any place of public accommodation by any person who owns or operates such accommodation. 42 USC § 12182(a). These requirements also exist under Section 504 and PHRA, 43 PS § 953. This section of the ADA applies to private companies providing goods or services to customers within the general public. It applies to Defendant Discover Card, which provides services to the public. Plaintiff, as a customer of Defendant Discover Card is entitled to rights and privileges under that section of the ADA. Defendant Discover Card's services are used in business, stores, shops and many other places open to the public, and therefore Defendant Discover Card falls within the definition of a Public Accommodation under the ADA, 42 USC § 12181, Section 504 and the PHRA, 43 PS § 954(l) Therefore, Defendant Discover Card has violated Plaintiff's rights under statutory law, the Americans with Disabilities Act ("ADA"), 42 USC § 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 USC § 794 ("Section 504"), and Pennsylvania Human Relations Act ("PHRA"), 43 PS § 955, and such violation has proximately caused Plaintiff to sustain damages and injuries, including the loss of $8,650, plus interest, fees and penalties being charged against him, plus other costs, and severe emotional distress.

Wherefore, Plaintiff John F. Peoples respectfully requests that this Honorable Court deny Defendant DFS Services LLC's Summary Judgment Motion, and grant Plaintiff's cross-Motion for partial summary Judgment dismissing the so-called illegality defense, and finding Defendant DFS had the duty to provide reasonable accommodations to Plaintiff under the circumstances, pursuant to Fed.R.Civ.P. 56, for the foregoing reasons.

Respectfully submitted,

LAW OFFICES OF JOHN F. PEOPLES
Attorney for Plaintiff

By: _____
Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
2701 West Chester Pike, Suite 104, Broomall, PA 19008
Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com

Date:   January 9, 2009