IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. PEOPLES : | CIVIL ACTION NO. 08-2024 |
| Plaintiff : | |
| vs. : | |
| DISCOVER FINANCIAL SERVICES, INC. : | |
| and DISCOVER CARD SERVICES, INC. : | |
| trading as DISCOVER CARD : | |
| and : | |
| GINGER DAYLE, GINGER DAYLE : | |
| PRODUCTIONS and NEW CITY : | |
| STAGE COMPANY : | |
| Defendants : | |

## ORDER

AND NOW, this _____ day of _____, 2008, upon consideration of Summary Judgment Motion filed by Defendants Ginger Dayle, Ginger Dayle Productions and New City Stage Company, and the Opposition and Cross-Motion for Summary Judgment timely filed by Plaintiff John F. Peoples, and the oral argument, if any, and for good cause shown,

IT IS HEREBY ORDERED AND DECREED that the Summary Judgment Motion filed by Defendants Ginger Dayle, Ginger Dayle Productions and New City Stage Company is hereby DENIED.

IT IS FURTHER ORDERED AND DECREED that Plaintiff John F. Peoples' Cross-Motion for Summary Judgment to Dismiss with Prejudice the Counterclaim of Ginger Dayle, Ginger Dayle Productions and New City Stage Company is hereby GRANTED.

IT IS FURTHER ORDERED AND DECREED that the Counterclaim of Ginger Dayle, Ginger Dayle Productions and New City Stage Company is hereby DISMISSED WITH PREJUDICE in its entirety, with costs.

BY THE COURT:

_____
Honorable Edmund V. Ludwig, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. PEOPLES | : | CIVIL ACTION NO. 08-2024 |
|                 Plaintiff | : | |
| vs. | : | |
| DISCOVER FINANCIAL SERVICES, INC. | : | |
| and DISCOVER CARD SERVICES, INC. | : | |
| trading as DISCOVER CARD | : | |
|     and | : | |
| GINGER DAYLE, GINGER DAYLE | : | |
| PRODUCTIONS and NEW CITY | | |
| STAGE COMPANY | : | |
|                 Defendants | : | |

## OPPOSITION TO DAYLE'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM

Plaintiff John F. Peoples opposes the Summary Judgment Motion filed Defendants Ginger Dayle, Ginger Dayle Productions and New City Stage Company, and hereby cross-moves for Summary Judgment to Dismiss the Counterclaim with Prejudice, pursuant to Fed.R.Civ.P. 56, and respectfully requests that this Honorable Court deny Defendant Dayle's Motion and grant Plaintiff's Cross-Motion, for the reasons set forth in the attached Brief and Exhibits. A form of Order is also attached hereto.

                            LAW OFFICES OF JOHN F. PEOPLES
                            Attorney for Plaintiff
    By:        _____
                            Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
                            2701 West Chester Pike, Suite 104, Broomall, PA 19008
                            Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com
Date:   January 13, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. PEOPLES : | CIVIL ACTION NO. 08-2024 |
|                    Plaintiff : | |
| vs. : | |
| DISCOVER FINANCIAL SERVICES, INC. : | |
| and DISCOVER CARD SERVICES, INC. : | |
| trading as DISCOVER CARD : | |
|    and : | |
| GINGER DAYLE, GINGER DAYLE : | |
| PRODUCTIONS and NEW CITY : | |
| STAGE COMPANY : | |
|                    Defendants : | |

## NOTICE OF CROSS-MOTION

TO:
William C. Reil, Esquire
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
Phone: 215-564-1635, Fax: 215-564-4292
Attorney for Ginger Dayle, Ginger Dayle Productions, New City Stage Company

TAKE NOTICE that Plaintiff John F. Peoples has this day filed a Cross-Motion for Summary Judgment to Dismiss with Prejudice the Counterclaim of Defendants Ginger Dayle, Ginger Dayle Productions and New City Stage Company, pursuant to Fed.R.Civ.P. 56. You have fourteen (14) days to file responsive pleadings with the Court and serve copies on counsel for moving party or the matter will be taken as uncontested. Support for this Cross-Motion is contained in the attached Brief and any Exhibits referenced. The relief requested is set forth in the attached form of Order.

                        LAW OFFICES OF JOHN F. PEOPLES
                        Attorney for Plaintiff
      By: _____
                        Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
                        2701 West Chester Pike, Suite 104, Broomall, PA 19008
                        Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com
Date: January 13, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. PEOPLES | : | CIVIL ACTION NO. 08-2024 |
|                  Plaintiff | : | |
| vs. | : | |
| DISCOVER FINANCIAL SERVICES, INC. | : | |
| and DISCOVER CARD SERVICES, INC. | : | |
| trading as DISCOVER CARD | : | |
|     and | : | |
| GINGER DAYLE, GINGER DAYLE | : | |
| PRODUCTIONS and NEW CITY | : | |
| STAGE COMPANY | : | |
|                  Defendants | : | |

## PROOF OF SERVICE

I the undersigned certify that on the date indicated below I served true and correct copies of the attached legal papers on all parties to this action, or their attorneys if applicable, by sending them via US Mail postage prepaid to:

Benjamin M. Schmidt, Esquire
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: 215-864-8136, Fax: 215-864-9956
Attorney for Discover Financial Services Inc. & Discover Card Services Inc. t/a Discover Card

William C. Reil, Esquire
42 S. 15th Street, Suite 210
Philadelphia, PA 19102
Phone: 215-564-1635, Fax: 215-564-4292
Attorney for Ginger Dayle, Ginger Dayle Productions, New City Stage Company

                        LAW OFFICES OF JOHN F. PEOPLES
                        Attorney for Plaintiff
    By:
                        _____
                        Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
                        2701 West Chester Pike, Suite 104, Broomall, PA 19008
                        Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com

Date:   January 13, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. PEOPLES<br>        Plaintiff<br>vs.<br>DISCOVER FINANCIAL SERVICES, INC.<br>and DISCOVER CARD SERVICES, INC.<br>trading as DISCOVER CARD<br>  and<br>GINGER DAYLE, GINGER DAYLE<br>PRODUCTIONS and NEW CITY<br>STAGE COMPANY<br>        Defendants | CIVIL ACTION NO. 08-2024 |

### BRIEF FOR PLAINTIFF JOHN F. PEOPLES
### IN OPPOSITION TO GINGER DAYLE'S MOTION FOR SUMMARY JUDGMENT
### & IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM

Plaintiff John F. Peoples by and through his attorney, hereby opposes the Summary Judgment Motion filed Defendants Ginger Dayle, Ginger Dayle Productions, New City Stage Company, and furthermore moves this Honorable Court by way of Cross-Motion for Summary Judgment to Dismiss the Counterclaim of Ginger Dayle, Ginger Dayle Productions, New City Stage Company with prejudice, and respectfully requests that this Honorable Court deny Defendants' Motion and grant Plaintiff's Cross-Motion, for the reasons set forth below and the information contained in the Exhibits attached hereto or referenced herein, pursuant to Federal Rules of Civil Procedure 56.

### I. COUNTER-STATEMENT OF FACTS

The Plaintiff, John Peoples, is blind. He paid for Defendant Ginger Dayle's services with a credit card. She told him that the charge was $375 and gave him a receipt to sign, telling him the receipt read $375, when actually it read $1100. Knowing he was blind, Ginger Dayle charged his card $1100 while telling him he was being charged $375. She did this about ten times in October and November 2007. This is clear-cut theft by deception. She stole from a blind man by

- 2 -

misrepresenting the amount on the receipt he was signing. In addition, during the same time period, Ginger Dayle, without Plaintiff's knowledge, signed his name to additional receipts and charged his card when she had not even provided services. This is another form of theft. (Exhibit 1).

Defendant Dayle has filed a Summary Judgment Motion asking the Court to dismiss Mr. Peoples' claims against her for her fraud and theft. The reason she asks the Court to dismiss those claims is that she is a prostitute. Her theory is that, since she is a prostitute, anyone that deals with her has "unclean hands" and therefore deserves to be stolen from, and thus, she may keep whatever money she steals.

In this case, Defendant Dayle filed a Counterclaim for assault and battery, claiming that Plaintiff touched her buttocks. In her Deposition, she described the incident as one where she had her back turned to Mr. Peoples and, according to her, Mr. Peoples touched her buttocks. She suffered no pain or injury, just, according to her, the embarrassment of being touched on the buttocks. She sought no treatment for any injuries. (Exhibit 2).

Mr. Peoples testified that he never touched her without her consent, and that whatever touching occurred between them was consensual and was not intended to do any harm.

## II.  LEGAL ARGUMENTS

Plaintiff John F. Peoples opposes Dayle's Summary Judgment Motion and Cross-Moves for Summary Judgment to dismiss the Counterclaim filed by Dayle.

### A.  COUNTERCLAIM MUST BE DISMISSED: ADMISSION & ESTOPPEL

Defendant Dayle's Counterclaim is based solely on an incident where she claims Mr. Peoples touched her on the buttocks. She does not claim that the touch hurt or caused injury, but merely that it was inappropriate as being on the buttocks and nonconsensual.

In her Summary Judgment Motion, Defendant Dayle takes the position, and asks this Court to find as a matter of law, that Dayle was acting as a prostitute when the touch occurred. Therefore, for purposes of this lawsuit, it is undisputed that Defendant Dayle was a prostitute at the time of the touching. This finding, which becomes the law of the case, factually precludes the claim that the touching of her buttocks was nonconsensual or inappropriate.

By taking this position in her Summary Judgment Motion, that she was a prostitute at the time of the incident, and asking the Court to make a Factual Determination to that effect, Defendant Dayle is thereby Judicially Estopped from claiming otherwise when it comes to her Counterclaim for assault and battery. Dayle cannot ask the Court to make a factual finding that she was a prostitute for purposes of the Complaint and a factual finding that she simultaneously was not a prostitute for purposes of the Counterclaim. A factual finding is the law for the entire case. This is a proper case to apply the Doctrine of Judicial Estoppel.

"Judicial estoppel should be employed when a litigant is playing fast and loose with the courts, and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Patriot Cinemas v. General Cinema Corp., 834 F.2d 208 (1st Cir. 1987). See also Wilkes v. Cont'l Ins. Co., 1997 U.S. Dist. LEXIS 24279 (N.D.Ga.1997) ("While it is true that in judicio admissions, made in pleadings, motions and briefs in a case, are binding upon the party making them, this rule applies only to facts in litigation, not to opinions as to fact or law… Even more importantly, in judicio admissions are only binding in the suit or litigation in which the admissions are made…").

Accordingly, Defendant Dayle is bound by her assertion in her Summary Judgment Motion that she was engaged as a prostitute at the time of the alleged touching. Given that established fact, Dayle cannot maintain a claim that the painless, harmless single touch of her buttocks was

nonconsensual. Thus, the claim for civil assault and battery must fail as a matter of law. Summary judgment is warranted where "there is no genuine issue as to any material fact." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179 (1st Cir.1989); Fed.R.Civ.P. 56(c). Since there is no issue of fact that the touch was consensual, summary judgment must be entered to dismiss the Counterclaim.

B. COUNTERCLAIM MUST BE DISMISSED AS DE MINIMUS

Even putting aside the fact that Defendant Dayle has admitted to being a prostitute whereby the touch was consensual, the Counterclaim for assault and battery should still be dismissed under the doctrine of being De Minimus claim and otherwise lacking in real damages. A single touch on the buttocks between two adults that causes no pain or injury, is too insignificant to support a legal action in a court of law. This was not an employer-employee, doctor-patient, or similar type of relationship. They were both adults, voluntarily alone together in Ms. Dayle's home and studio. They had known each other for months and had spent many hours together. They engaged in a lot of consensual physically touching over the months. There was no fear, no pain, no injury.

Secondly, Defendant Dayle's back was turned when the touch allegedly occurred. So there is no "imminent fear of attack or injury" or any other facts to create a claim for assault.

To bring a jury trial, and take the day of 12 jurors, the court staff and counsel, over a single painless touch of the buttocks being adults is an improper waste of judicial resources. The Counterclaim should furthermore be dismissed on the grounds of being De Minimus claim.

C. PROSTITUTES NOT IMMUNE FROM SUITS FOR FRAUD & THEFT

The fact that Defendant Dayle was a prostitute does not allow her to steal money from people. There is no prostitution immunity in the United States courts. Defendant Dayle cannot use her status as a prostitute as a shield for all her bad acts.

The fact that Dayle was a prostitute may be a defense to a breach of contract claim, e.g. she failed to perform certain promised sexual acts. If Mr. Peoples was asking for return of the money he intended to give her, then the illegality defense may apply. But Mr. Peoples is not asking for return of the money he intended to give her. He is asking for return of the money she stole from him. In addition to charging the amount of money he agreed to pay her, on top of that she charged an additional amount that he did not know about. She had him sign the receipt because she knew he was blind and could not see he was being tricked. It is theft by deception. The crime of theft by deception does not share any core elements with prostitution. Her act of stealing money from a blind man was a completely separate act from her prostitution services. And for the times where she signed his name to the receipt, he was not even there and no prostitution occurred.

Her act of theft by deception, stealing money from a blind man by lying about the amount on the receipt, had nothing to do with the act of prostitution. Stealing money is not a part of prostitution. A prostitute does not have the right to steal money. Her acts of prostitution merely gave her an opportunity to get a hold of Mr. Peoples' credit card. Her act of theft and fraud were separate and distinct. Is Defendant Dayle really arguing that a prostitute can steal her client's wallet and go on a $100,000 shopping spree and keep everything? Should we reward Defendant Dayle for being a prostitute and let her keep the money she stole?

The doctrine of unclean hands does not avail Defendant Dayle. The criminal penalties for engaging in the profession of prostitution are harsher than those for their customers. In this society, a professional prostitute is presumed to have more unclean hands than her customers. Therefore, the equities, in anything, favor Plaintiff. So Defendant Dayle cannot benefit from the doctrine of unclean hands.

- 6 -

If Defendant Dayle's claim that her being a prostitute makes her immune from civil liability, it would mean that she can continue to steal money from her clients, and from Mr. Peoples for that matter, and never have to give the money back. That cannot possibly be the correct result, which is why Defendant Dayle cites no legal authority for her position.

## IV.   CONCLUSION

Wherefore, Plaintiff John F. Peoples respectfully requests that this Honorable Court deny the Summary Judgment Motion of Defendants Dayle et al., and grant Plaintiff's Cross-Motion for Summary Judgment to Dismiss the Counterclaim pursuant to Fed.R.Civ.P. 56, for the foregoing reasons.

Respectfully submitted,

LAW OFFICES OF JOHN F. PEOPLES
Attorney for Plaintiff

By: _____
Stephen H. Cristal, Esquire, Law Offices of John F. Peoples
2701 West Chester Pike, Suite 104, Broomall, PA 19008
Phone: 610-356-2711, Fax: 610-356-2763, Email: johnfpeoples@yahoo.com

Date:   January 13, 2009