# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. PEOPLES | : |
| | : |
| v. | : |
| | : |
| DISCOVER FINANCIAL SERVICES, INC. | : |
| and DISCOVER CARD SERVICES, INC. | : CIVIL ACTION NO. 08-CV-2024 |
| trading as DISCOVER CARD, | : |
| | : |
| and | : |
| | : |
| GINGER DAYLE, GINGER DAYLE | : |
| PRODUCTIONS and NEW CITY STAGE | : |
| COMPANY | : |

## **ORDER**

AND NOW, this ____ day of _____, 2009, upon consideration of the Cross Motion for Summary Judgment on the Counterclaim of the Dayle Defendants, filed by plaintiff John F. Peoples, and the response of the Dayle Defendants thereto, it is hereby ORDERED that the Cross Motion for Summary Judgment on the Counterclaim is **DENIED**.

BY THE COURT:

_____
The Honorable Edmund V. Ludwig
U.S.D.J.

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
42 South 15th Street, Suite 210
Philadelphia, PA 19102
(215) 564-1635                                    ATTORNEY FOR DEFENDANTS DAYLE

| | |
|---|---|
| JOHN F. PEOPLES | : UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT |
| v. | : OF PENNSYLVANIA |
| | : |
| DISCOVER FINANCIAL SERVICES, INC. | : |
| and DISCOVER CARD SERVICES, INC. | : |
| trading as DISCOVER CARD, | : |
| | : |
| and | : |
| | : |
| GINGER DAYLE, GINGER DAYLE | : CIVIL ACTION NO. 08-CV-2024 |
| PRODUCTIONS and NEW CITY STAGE | : |
| COMPANY | : |

**ANSWER TO PLAINTIFF PEOPLES' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM OF THE DAYLE DEFENDANTS**

The Dayle defendants, by their undersigned counsel, submit this Answer to Plaintiff Peoples' Motion for Summary Judgment on the Counterclaim of the Dayle Defendants, and in support thereof, it is averred as follows:

**PRELIMINARY STATEMENT**

Undersigned counsel for plaintiff Ginger Dayle hereby states that he has received no notice from plaintiff Peoples of the filing of this motion or any other motion since the motion for summary judgment was filed by Discover on or about 11/13/08. He is not on the automatic e-filing notification, and he only recently discovered that Mr. Peoples had filed a cross motion, in conversation with defense counsel Schmidt.

**FACTUAL OVERVIEW**

John Peoples filed a complaint against Ginger Dayle in which he stated at paragraph 12 that: "In and around October and November 2007, Plaintiff was a customer of the Dayle Defendants and received a series of private sessions from Ginger Dayle. The agreed upon price for each session was approximately $375 for the first lesson and $275 for each session thereafter." A true and correct copy of the complaint is attached and incorporated as Exhibit "A."

In his deposition, Attorney John Peoples unequivocally stated that he is suing Ginger Dayle arising out of alleged prostitution services for which he was overcharged because of his blindness. See Peoples deposition excerpt at page 53, Exhibit "B." Defendant Dayle denied that she has ever been involved in prostitution. She testified at her deposition that she is a licensed fitness instructor who has a studio in Center City, earned a degree in economics from the Wharton School, and that she has danced with the Pennsylvania and London Ballet. See Dayle deposition excerpt at page 22-25, Exhibit "C."

Ginger Dayle filed a counterclaim against Peoples for battery arising out of the fact that Peoples grabbed her buttocks during a Pilates exercise session. A true and correct copy of the Dayle's answer and counterclaim is attached and incorporated as Exhibit "D." The counterclaim alleges that Peoples was a student of Ginger Dayle who requested a fitness instruction (paragraph 3, Exhibit "D"); that Peoples made sexual advances to Ms. Dayle when he placed his hands on her buttock area without her consent (paragraph 4, Exhibit "D"); and that Dayle refused to give Peoples any further fitness

lessons, he initiated this lawsuit in retaliation (paragraph 8, Exhibit "D"). Dayle testified at her deposition: "He [Peoples] grabbed my buttocks, like the meat of my buttocks, …"

**ARGUMENT AND CONCLUSIONS OF LAW**

Peoples admitted that he grabbed Ms. Dayle's buttocks, but alleges that it was part of a sexual encounter. See Peoples deposition excerpt at page 61, Exhibit "B." The intent of Peoples in grabbing Ms. Dayle's buttocks is a factual issue which should negate summary judgment.

The civil tort of battery is a harmful or offensive touching without consent. Despite the protestations in his Brief that Ms. Dayle was not injured, injury is not required for battery. Essentially, Peoples denies that he assaulted Ms. Dayle and claims that their relationship was a meretricious one. Dayle vehemently denies this. She states in her deposition that Mr. Peoples contracted with her for exercise lessons and used his credit card to pay for the same. See Contract signed by Peoples for exercise lessons with Dayle, attached to Dayle deposition as P-8, and incorporated herein as Exhibit "E."

There is a fundamental factual dispute between the two parties as to what occurred, and the counterclaim thus should not be settled on the basis of summary judgment. Battery is a valid intentional tort and Ms. Dayle should receive her day in court on this issue.

It is further noted that Peoples does not sustain his burden on a motion for summary judgment. There is no motion which sets forth the substantially undisputed facts which are necessary to sustain a motion for summary judgment. Peoples' Brief does not reference the facts of record which entitle him to summary judgment. Peoples

simply attaches exhibits without specifically referencing them in his motion or stating how they warrant summary judgment. This is legally insufficient.

Peoples tries to muddy the waters by incorrectly stating that Dayle admits that she was a prostitute. Nothing could be further from the truth. Dayle categorically denies in her motion for summary judgment that she was a prostitute.

Peoples then goes on to argue that somehow the doctrine of judicial estoppel applies here. There is no judicial estoppel because Dayle categorically denies she was a prostitute. See Dayle's answer to complaint at paragraph 6, Exhibit "D" and Dayle's motion for summary judgment.  Any assertion that Dayle stated that she is a prostitute in her motion for summary judgment or in any deposition or pleading in this case, is flat-out wrong and a misreading of the facts.

Peoples then goes on to argue in his brief that Dayle cannot maintain a claim that the "painless, harmless, single touch of her buttocks" was nonconsensual. He asserts this without any citation of the record. Dayle's testimony at deposition excerpt page 149, Exhibit "C" is clearly contrary:

> "He grabbed my buttocks, like the meat of my buttocks, and because I'm wearing these pants I have like a thick elastic band and when he grabbed I guess he lost his grip because he had to reach up a little bit to grab because I was part of the way off the ground and it slapped back and hit me.  Then I turned around and I want an explanation.  He thought it was funny.  He was just playing around with me.  He wanted to see if I had a nice butt because he wasn't sure.  He said it felt really good.  I was like you need -- this is it.  You finish rolling out and then you're done and we'll talk about the lesson.  Next time I'll call you, don't call me."

Peoples goes on to say that the counterclaim is deminimus without any citation to the law or to the record. He asserts that even if Peoples committed battery on Dayle, that it would be "deminimus". Such conduct is not only an intentional tort but may subject one to

criminal prosecution. Undersigned counsel is unaware of any legal principal that would validate such conduct without causing physical injury.

Peoples asserts in his Brief that "prostitutes are not immune for fraud and theft." This argument puts the rabbit into the hat. A central factual contention in this case is whether Mr. People is suing Ms. Dayle because she rejected his sexual overtures, as she states, or whether she was a prostitute, as he states. To believe Mr. Peoples, one would have to believe that he used his Discover card to engage a prostitute and signed receipts and a fee agreement. Furthermore, Mr. Peoples has admitted to a history of prostitution and claims that he believes that he is immune from discipline for this conduct. See Peoples deposition excerpt at page 73, Exhibit "B." This statement under oath calls into account not only his judgment but also his credibility.

Finally, Peoples invokes the doctrine of unclean hands, even though this is not a complaint in equity.

**STANDARD FOR SUMMARY JUDGMENT**

In order to prevail on a motion for summary judgment, defendants must show, taking facts and inferences in the light most favorable to plaintiff, that no reasonable fact finder could find for the plaintiff on an issue which is case determinative. Thomas v. Transamerica Accidental Life Insurance Company, 761 F. Supp. (D.Or. 1991). Summary Judgment is inappropriate when credibility is at issue or different ultimate inferences can be reached. FRCP 56(c). In addition to the evidence cited in Rule 56(c), a court may take into account any material that would be admissible or usable at trial. Wright and Miller, Federal Practice and Procedure Section 2721 at 40 (2d. Ed. 1983). In evaluating a

summary judgement motion, the record will be viewed in the light most favorable to the opposing party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505 (1986). Summary judgment is appropriate only if there is no genuine issue of material fact such that a reasonable fact finder could find for the non-moving party, <u>Celotex Corp. v. Cartarett</u>, 477 U.S. 317, 106 S.Ct. 2548 (1986).

**SUMMARY AND CONCLUSION**

There are two central factual issues in this case: 1) whether Ginger Dayle was a prostitute who defrauded Peoples as he claims, or 2) whether Peoples grabbed Ginger Dayle on the buttocks without her consent during exercise instruction and then sued her because she rejected his advances. The second issue forms the genesis of the counterclaim and is an issue of disputed material fact.

Peoples motion for summary judgment should fail for the following reasons:

1. Peoples has not sustained his burden of proof on summary judgment because he does not show in his motion or Brief where the record indicates that there are no disputed issues of material fact on the counterclaim.

2. Peoples assertion that Dayle does not have a cause of action for battery because she did not suffer physical injury when Peoples grabbed her buttocks is without support in the law.

3. The doctrine of judicial estoppel is inapposite to the instant case since Dayle has denied that she was ever a prostitute.

Respectfully submitted,

_____
William C. Reil, Esquire
Attorney for Dayle Defendants